**Edwin Lelon RILEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42328.**

Court of Criminal Appeals of Texas.

Nov. 12, 1969.

J. Earle Kuntz, Guy H. McNeely, Wichita Falls, for appellant.

Jim Phagan, Dist. Atty., Wichita Falls, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is maiming; the punishment, 2 years.

Trial was upon an indictment alleging that appellant and Harry Eugene Harrison, acting together, wilfully and maliciously put out and deprived Arthur Roland Lundien of his right eye.

Tried jointly before a jury upon their pleas of not guilty, the jury, having found both defendants guilty, assessed Harrison's punishment at 6 years and appellant's punishment at 2 years in the penitentiary. Appellant alone appeals.

The sole ground of error presents the contention that the evidence is insufficient to sustain the conviction.

The evidence reflected by the record viewed in the light most favorable to the jury's verdict, includes the following.

Lundien, the injured party, and his friend Richard Thompson went to a restaurant in the City of Wichita Falls about 12:30 or 1:00 o'clock A.M. to get something to eat. After finishing their meal and receiving separate checks, Lundien paid his check and walked outside ahead of Thompson where he was assaulted and hit about the face and chin by Harry Eugene Harrison.

Lundien had never seen his assailant before and did not see him until he struck the first blow. When Harrison continued to strike him, Lundien grabbed him and wrestled him to the ground.

As he held Harrison down, another person came up and started kicking Lundien on the body and head, including several blows to the eye. After Lundien was kicked off of Harrison and while he was still down, both Harrison and the other party began striking and kicking at him.

As a result of the assault upon him Lundien suffered a complete loss of vision in his right eye.

Lundien testified that two people kicked him and struck him after he was kicked off of his unknown assailant. At the trial he identified appellant's co-defendant Harry Eugene Harrison as his first as-

sailant, but was unable to identify appellant as the second.

Two witnesses testified that Harrison and appellant were together in the restaurant and left at about the same time Lundien and his friend Thompson left.

Richard Thompson testified that when he came out of the restaurant he looked for Lundien and finally found him leaning against the wall. He identified appellant in court as being the man he saw walking away from Lundien who turned back and said "Don't forget fellow, we drive a Cadillac just like you do."

Another witness, Joe Edward Johnson, an employee at the restaurant, testified that shortly after Lundien and Thompson, who had been served at one table, and Harrison and appellant who had been at another table, left the restaurant he heard a pounding against the wall and went outside to see what caused it. He identified Harrison, "the man in the green sweater," as the man who was striking Lundien and testified "there was a man standing on the left of the man that struck Mr. Lundien," and testified:

"Q. Could you identify this man?

"A. At that time, I wasn't sure because my view was blocked, but as he came through with his fist, his body did move forward and I was able to see, yes, sir.

"Q. Can you identify who he was? Is he in this courtroom?

"A. Yes, sir, the man in the blue suit.

"Mr. Hughes: Let the record show he pointed to Riley, the defendant."

The witness Johnson further testified that after reporting to the manager he went back outside to see if they were still fighting and saw Lundien lying on the ground, on his back, and the two men Harrison and appellant walking across the parking lot, one of the men yelling some-

thing like "If you get up again, we'll come back and knock you back down."

The witness further testified that appellant and Harrison proceeded to a purple colored Cadillac and left the lot with their lights turned off and he could not get their license number.

The court charged on the law of principals and submitted the case as one of circumstantial evidence.

Viewed in the light most favorable to the jury's verdict the evidence is deemed sufficient to sustain the conviction.

The judgment is affirmed.